IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>Plaintiff,<br>v.<br><br>FERNANDO GONZALES, et al.,<br><br>Defendants. | 1:11-cv-00210-AWI-GSA-PC<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS (Doc. 19)**<br><br>**ORDER FOR THIS ACTION TO PROCEED WITH THE AMENDED COMPLAINT AGAINST DEFENDANT C/O CALDWELL FOR RETALIATION**<br><br>**ORDER DISMISSING ALL OTHER CLAIMS AND DEFENDANTS UNDER RULE 18 OR FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE NEW CIVIL RIGHTS CASES PURSUIGN CERTAIN CLAIMS AS DIRECTED BY THIS ORDER** |

Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 27, 2012, findings and recommendations were entered, recommending that this action proceed with Plaintiff's Amended Complaint against defendant C/O Caldwell for retaliation, and that all other claims and defendants be dismissed under Rule 18 or for failure to

1

state a claim, without prejudice to bringing a new civil rights case against defendant Dr. Moon for retaliation. (Doc. 19.) On August 6, 2012, Plaintiff filed objections to the findings and recommendations. (Docs. 22, 23.) On August 23, 2012, Plaintiff filed supplemental objections. (Docs. 26, 27.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported, for the most part, by the record and proper analysis.

Plaintiff objects to several of the Magistrate Judge's findings. First, Plaintiff takes issue with the finding that Plaintiff did not state an ADA or RA claim because he "has not alleged exclusion from participation, or denial of benefits, because he has a physical handicap." (Findings and Recommendations ("F&R"), Doc. 19 at 9:4-5) (emphasis in original). Plaintiff argues that he states a claim by alleging that defendants excluded him "due to the nature and type of disability" and "by reason of plaintiff's disability," (Amd. Cmp. ¶¶49, 50), because "due to" and "by reason of" are synonymous with "because." Accepting Plaintiff's contention as true, Plaintiff's factual allegations do not support this argument. In the Amended Complaint, Plaintiff alleges that he suffers from a visual impairment and was denied disability accommodations because his vision deficit was not serious enough to meet the 20/200 standard required to qualify for the program. Thus, under the facts, Plaintiff has not alleged that he was denied participation because he had a disability, but rather because his disability was not serious enough. As Judge Posner has explained:

> [The ADA is] not ... violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled. His complaint is that he was not given special accommodation.... [H]e is not complaining of being excluded from some prison service, program, or activity, for example an exercise program that his paraplegia would prevent him from taking part in without some modification of the program. He is complaining about incompetent treatment of his paraplegia. The ADA does not create a remedy for medical malpractice.

2

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996). Similarly, here the program that Plaintiff seeks admission to is one for the disabled. Plaintiff's complaint that he has not been admitted into the program is one sounding in inadequate treatment of his disability, not that he has been excluded from a program available to other inmates by reason of his disability. *See* 42 U.S.C. §12132. These allegations do not state an ADA or RA claim.

Plaintiff also takes issue with the statement that "any claim Plaintiff might intend to make under the ADA against individual Defendants is not cognizable." (F&R at 8:24-25.) Plaintiff objects to the implication that he named defendants in their individual capacity. This objection is moot in light of the fact that Plaintiff's factual allegations fail to state an ADA claim.

With respect to Plaintiff's medical claim, Plaintiff argues that he states a claim for deliberate indifference because he alleges that his medical prescriptions were allowed to lapse without warning by twelve of the Defendants, causing Plaintiff to suffer pain, uncontrolled intermittent urination, and depression with suicidal thoughts. Again, Plaintiff's factual allegations do not support a claim. Plaintiff has not alleged facts showing that any of the defendants consciously allowed his prescriptions to lapse, while knowing there was an excessive risk to Plaintiff's health. To state a constitutional claim, the indifference to medical needs must be substantial, and even medical malpractice will not support a cause of action for deliberate indifference. Broughton v. Cutter Laboratories, 622 F2d 458, 460 (9th Cir 1980). Thus, Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment.

Plaintiff also disagrees with the finding that he could not have exhausted a claim based on events occurring on January 17, 2012, when Plaintiff filed this action on January 28, 2011. Plaintiff argues that the claim is ongoing and he exhausted the remedies for this claim available at the prison before filing suit. While it may be true that Plaintiff's claim is ongoing, he could not have addressed events occurring on January 17, 2012 in a prison appeal submitted before January 28, 2011. Prisoners are required to exhaust the available administrative remedies *prior* to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (emphasis added).

Plaintiff also argues that he should be allowed to bring allegations of events occurring on January 17, 2012, because under Rhodes v. Robinson, 621 F.3d 1102 (9th Cir. 2010), he is not required to exhaust remedies before filing suit, as long as he exhausted the remedies before filing his Amended Complaint on February 17, 2011.  However, Plaintiff's case is distinguishable from Rhodes.  In Rhodes the amended complaint was deemed a supplemental complaint under Rule 15(d), whereas here Plaintiff's Amended Complaint is not a supplemental complaint.[1]

Plaintiff also takes issue with the finding that his allegations of unsanitary and uncomfortable conditions while housed in the management cell are not extreme enough to rise to the level of a constitutional violation.  In the Amended Complaint, Plaintiff alleges that beginning on August 10, 2008, upon his arrival at CCI-Tehachapi, he was housed in a management cell for seventeen days:

> with "writing on the walls in blood, blood drops and blood splatter on the floor and walls, no mattress, no raised mattress pallet, no hazardous material cleaning supplies, a dirty sink, dirty toilet and a thin 4 foot long piece of unsanitary foam strip that was stained with bodily fluids to sleep upon.  Plaintiff had no chair or desk and had to eat and sleep on the floor with insects crawling over his eating and sleeping area. . . The cell conditions were so bad, plaintiff developed a painful debilitating rash over his entire body and extremities which required treatment by medical personnel and the dispensation of prescription medicine to treat the injuries.  Plaintiff's pre-existing back pain, joint pain and sciatica were also aggravated requiring plaintiff to see a doctor.  Between August 10, 2008 and August 25, 2008, Defendants Warden Gonzales, Captain Hill, R. Miller, L.C. Davis, J. Avila, C/O Howell, C/O Olmos, Counselor Ruiz and Does #1 through #5 each personally visited plaintiff at cell #A-8B-104, each personally witnessed plaintiff's conditions of confinement and each failed to take corrective action to remedy the conditions."

(Amd. Cmp. at 22-23 ¶¶62-65.)

Here, the Court disagrees with the Magistrate Judge's findings that the alleged conditions are not extreme enough. See Rodriguez v. Ortiz, 2007 WL 951734, *2-3 (E.D. Cal. 2007) (finding that allegations that a prisoner was housed in a dirty cell containing blood, feces and vomit, was sufficiently serious to offend the 8th Amendment but that the prisoner had not shown

---

[1] "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).  In this case, Plaintiff did not have leave to file a supplemental complaint.  Therefore, Rule 15(d) is not applicable here.

4

deliberate indifference by any of the named defendants); see also Hendon v. Baroya, 2014 WL 4745921, *3 (E.D. Cal. 2014) (finding that an inmate alleging that he was held in a feces strewn cell for approximately 14 days stated an 8th Amendment claim against the defendants who were alleged to have been aware of the condition). Nevertheless, Plaintiff has not stated a claim because he fails to allege facts showing deliberate indifference by the defendants. Plaintiff has not alleged facts describing behavior by any of the defendants indicating they were aware of an excessive risk to Plaintiff's health or safety and yet continued to confine Plaintiff in the cell. Plaintiff may be able to state conditions of confinement claim under the Eighth Amendment. Therefore, Plaintiff shall be allowed to pursue this claim in a new civil rights case, if he so wishes.

Plaintiff also takes issue with the finding that this is an action for damages only. Plaintiff argues that he is entitled to prospective injunctive relief that comports with the limitations of the PLRA, and that he is entitled to recover costs of suit if he prevails. The Magistrate Judge correctly found that once Plaintiff was transferred away from CCI-Tehachapi where the alleged retaliation by defendant Caldwell occurred, any claims for injunctive relief regarding conditions at that institution became moot. With regard to recovering costs of suit, Plaintiff is entitled to recover costs at the discretion of the court if he is the prevailing party. See Tubbs v. Sacramento County Jail, 258 F.R.D. 657, 661 (E.D. Cal. 2009).

Plaintiff also disagrees with the finding that his claims for (1) lapses and discontinuation of medications, (2) Plaintiff's housing in the management cell, and (3) denial of Plaintiff's requests for disability accommodations are unrelated claims under Rule 18. As to this issue, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on June 27, 2012, are adopted in part;
2. This action now proceeds with Plaintiff's Amended Complaint filed on February 27, 2012, against defendant C/O Caldwell for retaliation in violation of the First Amendment;

5

3.  Plaintiff's retaliation claim against defendant Dr. Moon, and Plaintiff's claim for adverse conditions of confinement based on his confinement in the management cell, are dismissed from this action as unrelated claims under Rule 18, with leave to file new, separate civil rights cases pursuing these claims;

4.  All other claims and defendants are dismissed from this action, for failure to state a claim upon which relief may be granted, without leave to amend;

5.  Plaintiff's claims for inadequate medical care, interference with the appeals process, claims under the ADA and RA, and claims arising after January 28, 2011 are dismissed for failure to state a claim upon which relief may be granted;

6.  All defendants except Defendant C/O Caldwell are dismissed from this action, based on Plaintiff's failure to state any claims against them upon which relief may be granted, or based on violation of Rule 18; and

7.  This action is referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

IT IS SO ORDERED.

Dated:   January 28, 2015                    _____
                                             SENIOR DISTRICT JUDGE