**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | ) Case No.: 1:11-cv-00210-DAD-BAM-PC |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATION |
| v. | ) REGARDING DEFENDANTS' MOTION TO |
| | ) DISMISS |
| S. CALDWELL, | ) |
| | ) (ECF No. 46) |
| Defendant. | ) |
| | ) OBJECTIONS DUE IN FOURTEEN DAYS |
| | ) |

Plaintiff Griffin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local  Rule 302.  Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has opposed the motion.

**I.**

**PROCEDURAL HISTORY**

This action was initiated by civil complaint filed on January 28, 2011.  On January 10, 2012, an order was entered, dismissing the original complaint and granting Plaintiff leave to file an amended complaint.  The court noted that the events at issue occurred at CCI Tehachapi.  Plaintiff named 30 individual defendants and set forth what appeared to be allegations regarding inadequate medical care. Plaintiff's complaint consisted largely of conclusory allegations that he was denied medical care in violation of the Americans With Disabilities Act (ADA).  On February 17, 2012, Plaintiff filed a first

1

amended complaint.  In the first amended complaint, Plaintiff set forth claims regarding the ADA, the Rehabilitation Act (RA), medical care, conditions of confinement, the inmate grievance process and retaliation.  On June 27, 2012, findings and recommendations were entered, recommending that this action proceed on Plaintiff's retaliation claim only and that all other claims and Defendants be dismissed.  On January 29, 2015, an order was entered by the District Court, ordering that this action proceed on the February 27, 2012, first amended complaint against Defendant Caldwell for retaliation in violation of the First Amendment.

In the February 27, 2012, first amended complaint, Plaintiff alleges that on March 26, 2009, he handed Defendant C/O Caldwell an inmate grievance, CDCR Form 602.  The grievance related to the failure of staff to provide Plaintiff with showers on a frequent basis. (Am. Compl. 69.)   Plaintiff was taking medication that caused frequent urination and occasional involuntary urination.  Defendant Caldwell read the grievance then tore it up. (Id. ¶ 70.)  Plaintiff alleges that because he destroyed the 602, Plaintiff was unable "to perfect a 602 appeal on the original issue."  (Id. ¶ 71.)

## II.

## ANALYSIS

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555(2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los

2

1  Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have

2  their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman,

3  680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v.

4  Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

5          Prisoners have a First Amendment right to pursue civil rights litigation in the court.  Rhodes v.

6  Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  Prisoner may not be retaliated against for exercising

7  their right of access to the courts, and this extends to established prison grievance procedures.  Bradley

8  v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v. Murphy, 532 U.S.

9  223 (2001).  Allegations of retaliation against a prisoner's First Amendment rights to speech or to

10  petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104

11  (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

12  Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

13  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:

14  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

15  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

16  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

17  Rhodes v. Robinson, 408 F.3d at 567-68; accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir.

18  2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

19          Defendant argues that Plaintiff's first amended complaint fails to state a claim because he has

20  failed to plead adverse action, and he has no constitutional right to a grievance process.  Defendant is

21  correct that there is no protected interest in a grievance process.  Mann v. Adams, 855 F.2d 639, 640

22  (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).   However, Prisoners have a

23  First Amendment right to pursue civil rights litigation in the court.  Rhodes 408 F.3d at  567.  Prisoner

24  may not be retaliated against for exercising their right of access to the courts, and this extends to

25  established prison grievance procedures.  Bradley, 64 F.3d at 1279

26          Regarding Plaintiff's failure to plead a specific adverse action, "The adverse action need not

27  be an independent constitutional violation."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

28  For instance, an allegation by an inmate that he was transferred to another prison or placement because

3

he engaged in protected conduct may state a cause of action for retaliation, even though the prisoner

has no constitutionally-protected liberty interest in being held at or remaining at a particular facility.

Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Other actions include: arbitrarily confiscating and

destroying an inmate's property and initiating a transfer to another prison (Rhodes v. Robinson, 408

F.3d 559, 568 (9th Cir. 2005); placing an inmate as a gang member based on evidence previously

deemed insufficient (Bruce v. Ylst, 351 F.3d 1283, 1287-1288 (9th Cir. 2003); filing a false

disciplinary report (Hines v. Gomez, 108 F.3d 265, 267-268 (9th Cir. 1997); and labeling an inmate a

"snitch" in order to subject him to retribution by other inmates (Valandingham v. Bojorquez, 866 F.2d

1135, 1138 (9th Cir. 1989)).

Defendant also argues that Plaintiff has not alleged any facts showing that his conduct chilled

or silenced Plaintiff's speech, or that an ordinary person's speech/activities would be chilled.

> [A]n objective standard governs the chilling inquiry; a plaintiff does not have to show
> that 'his speech was actually inhibited or suppressed,' but rather that the adverse action
> at issue 'would chill or silence a person of ordinary firmness from future First
> Amendment activities.' [Citations omitted.]  To hold otherwise 'would be unjust' as it
> would 'allow a defendant to escape liability for a First Amendment violation merely
> because an unusually determined plaintiff persists in his protected activity.' [Citation
> omitted.]

Brodheim, 584 F.3d at 1271.  "'[S]ince harm that is more than minimal will almost always have a

chilling effect[, a]lleging harm and alleging the chilling effect would seem under the circumstances to

be no more than a nicety."  Id. at 1270 (quoting Rhodes v. Robinson, 408 F.3d at 568 n.11).

Here, Plaintiff's allegations are sufficient because it can be inferred that tearing up a grievance

in the presence of an inmate after reading it would discourage an ordinary person from filing any

further complaints.  The Court therefore finds that Plaintiff sufficiently pled a "chilling effect."

## III.

### CONCLUSION AND RECOMMENDATION

The Court screened Plaintiff's first amended complaint and found that Plaintiff stated a

cognizable retaliation claim against Defendant Caldwell for retaliation.  (ECF No. 19.)  Because the

screening standard does not differ from the standard governing Rule 12(b)(6) motions, <u>Watison</u>, 668 F.3d at 1112, the Court generally views motions to dismiss for failure to state a claim with disfavor. Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to rethink what it has already thought. <u>Sequoia Forestkeeper v. U.S. Forest Service</u>, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (citing <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)) (quotation marks omitted). This case presents no exception.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **January 14, 2016**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE