# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O CALDWELL,<br><br>　　　　Defendant. | Case No.  1:11-cv-00210-DAD-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF NO. 52) |

　　　　Plaintiff Matthew James Griffin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's motion for leave to file an amended complaint filed on August 24, 2015. (ECF No. 52.)

　　　　This action is proceeding on the February 17, 2012, first amended complaint.  On June 27, 2012, findings and recommendations were entered, recommending that this action proceed with Plaintiff's first amended complaint against Defendant Caldwell on Plaintiff's retaliation claim, and that all other claims and defendants be dismissed under Rule 18 or for failure to state a claim, without prejudice to bringing a new civil rights action against Defendant Dr. Moon for retaliation. (ECF No. 19.)   On August 6, 2012, Plaintiff filed objections to the findings and recommendations.  (ECF Nos. 22, 23.)   On August 23, 2012, Plaintiff filed supplemental

1

objections. (ECF Nos. 26, 27.)  On January 29, 2015, an order was entered by the District Court, adopting in part the findings and recommendations, ordering this action to proceed against Defendant Caldwell for retaliation, and dismissing all other claims and Defendants under Rule 18 or for failure to state a claim. (ECF No. 36.)  Defendant Caldwell was served with the first amended complaint, and on July 23, 2015, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 46.)   On August 24, 2015, Plaintiff filed the motion to amend that is now before the Court.  (ECF No. 52.)   On January 15, 2016, findings and recommendations were entered, recommending that Defendant's motion to dismiss be denied. (ECF No. 60.)  On March 29, 2016, an order was entered by the District Court, adopting the findings and recommendations, denying Defendant's motion to dismiss, and directing Defendant to file an answer within thirty days. (ECF No. 61.)

Plaintiff seeks to amend his complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a).  When Plaintiff filed his motion for leave to file an amended complaint, Defendant had appeared by motion to dismiss.  Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff's right to amend the complaint once as a matter of course terminated twenty-one days after the filing of a Rule 12(b) motion.  Plaintiff's motion was filed thirty-one days after the filing of Defendant's motion pursuant to Rule 12(b)(6).  Plaintiff may not, therefore, amend his complaint as a matter of right.

Further, Plaintiff's proposed second amended complaint re-states the allegations of retaliation against Defendant Caldwell, and includes additional allegations regarding the conditions of his confinement while he was in the management cell at CCI Tehachapi from August 2008 to July 2009.  In the June 27, 2012, findings and recommendation, adopted by the District Court, the Court noted that Plaintiff's claims regarding the conditions of confinement in his management cell were unrelated to his retaliation claim, and in violation of Federal Rule of Civil Procedure 18.  (ECF No. 19 at 7:9.)  In the order dismissing the original complaint and granting Plaintiff leave to file a first amended complaint, Plaintiff was specifically cautioned that he may not bring unrelated claims in an amended complaint. (ECF No. 14 at 5:2.)   Plaintiff's motion for leave to file an amended complaint should therefore be denied on this ground.

Plaintiff is advised that in the March 29, 2016, order adopting the findings and recommendations, Defendant Caldwell was directed to file an answer to the first amended complaint within thirty days. Once an answer has been filed, a scheduling order will be entered, setting deadlines for discovery and the filing of dispositive motions. The Court will also set a deadline for the filing of motions to amend the pleadings. Plaintiff is reminded that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007).

Accordingly, Plaintiff's motion for leave to file an amended complaint filed on August 24, 2015, is DENIED.

IT IS SO ORDERED.

Dated: **April 4, 2016**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE