**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | Case No.: 1:11-cv-00210-DAD-BAM (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S REQUEST FOR ADA ACCOMMODATION AT TRIAL, OR ALTERNATIVELY THE APPOINTMENT OF COUNSEL |
| v. | |
| CALDWELL, | |
| Defendant. | (ECF No. 76) |

Plaintiff Matthew James Griffin is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's claim against Defendant Caldwell for retaliation in violation of the First Amendment. Trial is set for February 13, 2018 before District Jude Dale A. Drozd. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's request for Americans with Disabilities Act ("ADA") accommodation at trial, or alternatively the appointment of counsel, filed May 15, 2017. (ECF No. 76). Plaintiff asserts that he is handicapped or disabled within the meaning of the ADA, due to serious vision impairment. Plaintiff has attached documentation showing he has been prescribed an eye patch and eye glasses through July 11, 2017. Plaintiff is also restricted from climbing, and has been provided falls prevention and orderly assistance by the North Carolina Department of Public Safety. (ECF No. 76, at p. 8.) Plaintiff seeks handicapped cell housing and orderly assistance at trial, or in the alternative, to be appointed an attorney to assist him at trial, within the courtroom.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances for the appointment of counsel. The legal issues in this case are not complex, and the record reflects that Plaintiff is able to adequately articulate his claims. Furthermore, although this case proceeds to trial, the Court does not find that Plaintiff is necessarily likely to succeed on the merits. Finally, although Plaintiff's medical condition may require a reasonable accommodation at trial, which the trial judge will consider when trial preparations are underway, the Court does not find that Plaintiff's vision limitations are a sufficient basis for appointing counsel under these circumstances.

Accordingly, Plaintiff's request for counsel, filed May 15, 2017, is HEREBY DENIED, without prejudice, for the reasons explained above. The trial judge in this matter will address any necessary ADA or medical accommodations for Plaintiff at trial at an appropriate time.
IT IS SO ORDERED.

Dated: **May 17, 2017**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE